UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
           :

UNITED STATES OF AMERICA     :

      - v. -       :

DANTE A. CUBANGBANG,     :

      . Defendant.    :

           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO SPECIFIC
PROPERTY/
MONEY JUDGMENT

S1 18 Cr. 723 (PGG)

    WHEREAS, on or about October 9, 2019, DANTE A. CUBANGBANG (the "Defendant"), was charged in a three-count Superseding Information, S1 18 Cr. 723 (PGG) (the "Information"), with conspiracy to distribute narcotics, in violation of Title 21, United States Code, Section 846 (Count One); conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 1349 (Count Two); and conspiracy to commit money laundering, in violation of Title 18, United States Code, Sections 1956(h) (Count Three);

    WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the offense charged in Count One of the Information, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information, and the following specific property:

      a. Any and all United States currency, funds or other monetary instruments credited to the following accounts:

        i.     TD Bank Account Number 4304931945 (the "TD Account");
       ii.    Flushing Bank Account Number 18581666 ("Flushing Account-1");
     iii.    Flushing Bank Account Number 18581674 ("Flushing Account-2");
     iv.    Sterling Bank Account Number 8311187033 (the "Sterling Account");
      v.    JP Morgan Chase Account Number 4924127966 (the "JP Morgan Chase Account"); and
     vi.    Citibank Bank Account Number 62384611 (the "Citibank Account");

(collectively, the "Subject Accounts");

WHEREAS, the Information included a forfeiture allegation as to Count Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), of any and all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense charged in Count Two of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Information, and the Subject Accounts;

WHEREAS, the Information included a forfeiture allegation as to Count Three of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count Three of the Information, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Three of the Information that the Defendant personally obtained, and the Subject Accounts;

WHEREAS, in or about October 2018, the Government seized the following funds from the Subject Accounts:

     a.    $7,191.14 formerly on deposit in the TD Bank Account;
     b.    $10,320.40 formerly on deposit in Flushing Account-2;
     c.    $36,404.12 formerly on deposit in the Sterling Account;

d.  $10,891.16 formerly on deposit in the JP Morgan Chase Account; and

e.  $19,890.00 formerly on deposit in the Citibank Bank Account;

(a. through e., collectively, the "Specific Property");

WHEREAS, on or about October 9, 2019, the Defendant pled guilty to Counts One through Three of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One through Three of the Information and agreed to forfeit to the United States, pursuant to Title 21, United States Code, Section 853 and Title 18, United States Code, Sections 982 (a)(7) and 982(a)(1) as a result of the offenses charged in Counts One through Three of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $3,500,000 in United States currency, representing proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained and the property involved in Count Three of the Information, for which the Defendant is jointly and severally liable with his co-defendant John F. Gargan ("Gargan") up to $296,580, the amount of the forfeiture money judgment entered against Gargan in this case on December 18, 2019; Porfirio Lugo ("Lugo") up to $57,600, the amount of the forfeiture money judgment entered against Lugo in this case on September 3, 2020; Michael Kellerman ("Kellerman") up to $845,000, the amount of the forfeiture imposed against Kellerman in this case on September 15, 2020; and Loren Piquant ("Piquant") up to $621,960, the amount of the forfeiture money judgment entered against Piquant in this case on March 18, 2022;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, which constitutes proceeds traceable to the offenses charged

in Counts One and Two of the Information that the Defendant personally obtained, and the property involved in the offense charged in Count Three of the Information;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained and the property involved in Count Three of the Information cannot be located upon the exercise of due diligence; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Juliana N. Murray and Sheb Swett, of counsel, and the Defendant and his counsel, James R. Cullen, Esq., that:

1.     As a result of the offenses charged in Counts One through Three of the Information, to which the Defendant pled guilty, a money judgment in the amount of $3,500,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained and the property involved in the offense charged in Count Three of the Information, for which the Defendant is jointly and severally liable with the co-defendant Gargan, up to $296,580, the amount of the forfeiture money judgment entered against Gargan in this case on December 18, 2019; Lugo, up to $57,600, the amount of the forfeiture money judgment entered against Lugo in

this case on September 3, 2020; Kellerman, up to $845,000, the amount of the forfeiture imposed against Kellerman in this case on September 15, 2020; and Piquant up to $621,960, the amount of the forfeiture money judgment entered against Piquant in this case on March 18, 2022, shall be entered against the Defendant.

2.     As a result of the offenses charged in Counts One through Three of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant DANTE A. CUBANGBANG, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.     All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the "United States Department of Treasury," and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5.     The United States Department of Treasury or its designee shall be authorized to deposit the payment on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.     Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Department of Treasury (or its designee) is hereby

authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.    Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.    The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.    Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11.     Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14.     The signature page of this Consent Preliminary Order of Forfeiture as to

Specific Property/Money Judgment may be executed in one or more counterparts, each of which

will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:     _____                    8/9/2022
        SHEB SWETT                                  DATE
        JULIANNA N. MURRAY
        Assistant United States Attorneys
        One St. Andrew's Plaza
        New York, NY 10007
        (212) 637-6522/2200


DANTE A. CUBANGBANG

By:     _____                    9/10/2022
        DANTE A. CUBANGBANG                         DATE

By:     _____                    9/10/2022
        JAMES R. CULLEN, ESQ.                       DATE
        Attorney for Defendant
        118-21 Queens Boulevard, Suite 609
        Forest Hills, New York 11375
        Tel. (718) 263-6200
        jamescullenlaw@gmail.com


SO ORDERED:

_____                            Sept. 13, 2022
HONORABLE PAUL G. GARDEPHE                          DATE
UNITED STATES DISTRICT JUDGE